**No. 41763.**—Protest 911164–G of McKesson & Robbins, Inc. (New York).

KEEFE, Judge: The plaintiff here imported sherry wine in containers ordinarily used to hold the particular brand of Sandeman sherry imported therein. The containers are in the form of a man wearing a black hat and cloak and represent the trade-mark of Sandeman. The collector assessed duty upon the containers at 50 percent ad valorem and 10 cents per dozen pieces under paragraph 211, Tariff Act of 1930, and also assessed duty at one-third of said rate under said paragraph by virtue of the provisions of paragraph 810. The plaintiff accepted the assessment under paragraph 810, but claims that the assessment under paragraph 211 is erroneous and that such duty should not have been assessed because the coverings are not unusual containers. The Government contends that at the time of importation the container was a jug filled with wine and the one-third assessment of the normal duty under paragraph 211 by virtue of paragraph 810 was proper, and, in view of the unusual form of the container, additional duty at the rate provided for in paragraph 211 was properly imposed under authority of section 504.

The paragraphs and section of the Tariff Act of 1930 in question read as follows:

PAR. 211. Earthenware and crockery ware composed of a nonvitrified absorbent body, including white granite and semiporcelain earthenware, and cream-colored ware, terra cotta, and stoneware, including * * * ornaments, charms, vases, statues, statuettes, mugs, cups, steins, lamps, and all other articles composed wholly or in chief value of such ware; * * * painted, colored, tinted, stained, enameled, gilded, printed, ornamented, or decorated in any manner * * * 10 cents per dozen pieces and 50 per centum ad valorem.

PAR. 810. When any article provided for in this schedule is imported in bottles or jugs, duty shall be collected upon the bottles or jugs at one-third the rate provided on the bottles or jugs if imported empty or separately.

## SEC. 504. COVERINGS AND CONTAINERS.

If there shall be used for covering or holding imported merchandise, whether dutiable or free of duty, any unusual material, article, or form designed for use otherwise than in the bona fide transportation of such merchandise to the United States, additional duties shall be levied upon such material, article, or form at the rate or rates to which the same would be subjected if separately imported.

Under the provisions of paragraphs 810 and 211, it is evident that the usual containers of merchandise classifiable under schedule 8 would become dutiable at one-third their normal rate. In the event that coverings provided for under paragraph 810 are not the usual coverings for the class of merchandise covered by that schedule, it is possible that such coverings should be assessed with duty in accordance with paragraph 810 and in addition under paragraph 211.

We are of the opinion that under the statute the bottles before us are primarily subject to duty in accordance with paragraph 810 at one-third the normal rate therefor under paragraph 211 as assessed by the collector and that there is no provision in the law subjecting them to double duty, irrespective of the administrative provisions of section 504. Section 504 provides that a container of any unusual material, article, or form designed for use otherwise than in bona fide transportation of its contents is not only dutiable at the rate of its contents when subject to ad valorem rates, but in addition thereto is further dutiable at the rate or rates to which the same would be subjected if separately imported. In case the contents are free of duty or subject to duty at specific rates, no duty is assessable thereon because of the contents. Therefore the containers, if unusual, would be dutiable only at the rates applicable to earthenware. However, we must consider the section together with paragraph 810 as well as paragraph 211, and we find an eo nomine provision appears for bottles or jugs, without limit as to class or kind, providing that such bottles or jugs are specifically dutiable at one-third their rate if imported empty or separately. When imported separately, the containers are dutiable at 50 percent ad valorem under paragraph 211, and 10 cents per dozen pieces. As containers of an article provided for in schedule 8, paragraph 211 has been amended so that they are specifically dutiable at only one-third of said rate. As no exception is made in paragraph 810 with regard to reuse of bottles in which liquor is imported, all bottles therein specified are dutiable thereunder regardless of whether or not they may be reused for other purposes after being emptied of their contents. See Wines and Spirits (Hawaii), Ltd. v. United States, 25 C. C. P. A. 235, T. D. 49338. Therefore, where containers of specific duty or free merchandise are classed as unusual for that class of merchandise, such containers are subject only to duty at the rate provided for if imported empty and to no other. When containers come under the class of bottles or jugs containing merchandise under schedule 8, only one-third the normal rate is applicable thereto. It therefore becomes immaterial whether or not such containers come under the class of unusual containers.

For the reasons stated the containers of the sherry wine here in question are not subject to assessment of duty at 50 percent ad valorem and 10 cents per dozen

pieces under paragraph 211, and the assessment of such duty, in addition to the assessment at one-third of said rate by virtue of paragraph 810 is held erroneous as claimed. Judgment will therefore be entered in favor of the plaintiff, directing the collector to reliquidate the entry and to make refund accordingly.