(C. D. 402)

W. J. MULLIGAN & CO. *v.* UNITED STATES

United States Customs Court, First Division

(Decided November 25, 1940)

*Harper & Harper* (*Walter I. Carpeneti* of counsel) for the plaintiffs.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Joseph E. Weil*, special attorney), for the defendant.

Before BROWN and WALKER, Judges

BROWN, Judge: This suit against the United States was brought at San Francisco to recover certain customs duties claimed to have

been illegally exacted upon certain unusual containers of liquor in the shape of animals and birds. The case was tried at San Francisco before Judge Dallinger.

The cordials and liquors contained in these containers were returned for duty under paragraph 802 of the Tariff Act of 1930. About that assessment there is no dispute. These fancy containers were assessed with duty at 60 per centum ad valorem under paragraph 218 (f) of the Tariff Act of 1930, reading as follows:

PAR. 218. (f) Table and kitchen articles and utensils, and all articles of every description not specially provided for, composed wholly or in chief value of glass, blown or partly blown in the mold or otherwise, or colored, cut; engraved, etched, frosted, gilded, ground (except such grinding as is necessary for fitting stoppers or for purposes other than ornamentation), painted, printed in any manner, sandblasted, silvered, stained, or decorated or ornamented in any manner, whether filled or unfilled, or whether their contents be dutiable or free, 60 per centum ad valorem.

The plaintiffs claim that they are simply fancy bottles or jugs, and as such are entitled to entry at one-third of the rate they would have paid if imported separately under paragraph 810 of the liquor schedule which reads as follows:

PAR. 810. When any article provided for in this schedule is imported in bottles or jugs, duty shall be collected upon the bottles or jugs at one-third the rate provided on the bottles or jugs if imported empty or separately.

No other claims were pressed.

There is no sample, but these articles are described by Mr. Dimpfel, the examiner at the port of San Francisco, to be transparent glass containers of liquor in the form of penguins, chickens, pelicans, owls, elephants, and dogs, about 2½ to 4 inches long, containing $\frac{9}{100}$ of a liter apiece, and that the 48 of them held about $\frac{59}{100}$ of a gallon. They were undoubtedly the fancy bottles or jugs for this liquor. The fact that they were fancy and amusing or decorative on the table where such liquor was served would not, in our opinion, make them cease to be bottles.

By the language of paragraph 810 Congress intended all bottles containing liquor to come in at one-third of the ordinary rate. We think these articles are within the spirit of that provision and that their fancy character would not exclude them.

It is to be noted that in *McKesson & Robbins* v. *United States,* Abstract 41763, June 29, 1939, 2 Cust. Ct. 789, both the administrative officials and Division III of this court treated a container of sherry in the form of a man wearing a black hat and cloak as a bottle and entitled to the reduction of duty provided for in paragraph 810.

Judgment will therefore issue directing the collector to refund two-thirds of the duty upon these articles.